# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

CHIKAO TSUBAKI,

    *Plaintiff*,

v.

BALTIMORE CITY COMMUNITY COLLEGE, *et al.*,

    *Defendants*.

Case No. 24-cv-3584-ABA

## MEMORANDUM OPINION and ORDER

Plaintiff Chikao Tsubaki, who is self-represented, has sued Baltimore City Community College ("BCCC") and related individual Defendants for employment discrimination under the Americans with Disabilities Act ("ADA"). Because BCCC is a state agency and Maryland has sovereign immunity against ADA employment claims, the Court will dismiss the case for lack of subject matter jurisdiction.

## I.    BACKGROUND[1]

Mr. Tsubaki was an associate professor of English, Humanities, and Sociology at BCCC. ECF No. 1 at 8. He has had a "mobility disability" for several years. *Id.* at 6. Mr. Tsubaki alleges that two individuals, one referred to only as "Mr. Hall" who worked in BCCC's human resources department and a second person referred to only as "Dr. Cripps," denied his request for remote work on four occasions in 2021–2022. *Id.* at 5. Mr. Tsubaki alleges that these denials were incorrect in light of the "[Americans with Disabilities Act Amendments Act's] expanded definition of 'disability'" and based upon

---

[1] Because this case is at the pleading stage, the Court will construe the allegations stated in Mr. Tsubaki's complaint to be true.

"false information." *Id*. He alleges that his employment was terminated in December 2022 on "[discriminatory] grounds." *Id*. at 7. Mr. Tsubaki filed a charge with the Equal Employment Opportunity Commission and received a "right to sue" letter in October 2024. *Id*. His lawsuit in this Court, which he filed in December 2024, names BCCC, Debra L. McCurdy (the president of BCCC), and Kristin H. McFarlane (a Maryland assistant attorney general) as defendants. *Id*. at 1–2. Mr. Tsubaki claims that the basis for federal jurisdiction is the Americans with Disabilities Act of 1990 (ADA) and the ADA Amendments Act of 2008 (ADAAA). *Id*. at 4.

Defendants have moved to dismiss, arguing that Mr. Tsubaki's claims are barred due to state sovereign immunity and that Mr. Tsubaki cannot bring ADA claims against individual defendants. ECF No. 14. That motion is now fully briefed.

## II.  LEGAL STANDARD

Defendants argue that the case should be dismissed on sovereign immunity grounds, for lack of subject matter jurisdiction. *See Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018) ("[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction.") (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)). "[A] defendant may challenge subject matter jurisdiction in one of two ways." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). "When a defendant makes a facial challenge to subject matter jurisdiction, 'the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" *Id*. (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges

2

sufficient facts to invoke subject matter jurisdiction." *Id.* Alternatively, rather than challenge the sufficiency of the complaint as pled, a defendant may contend that its jurisdictional allegations are not true. In this mode of challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.*

Here, Defendants have so far only challenged the legal sufficiency of the complaint rather than contesting the truth of its allegations. So the Court will construe the motion to be a facial jurisdictional challenge, and will assume the truth of Mr. Tsubaki's factual allegations for purposes of the instant motion.

### III.   DISCUSSION

At the outset, the Court will dismiss all claims against Dr. McCurdy and Ms. McFarlane. Mr. Tsubaki conceded in his opposition brief that these Defendants should be removed, writing "I agree with . . . deleting Attorney McFarlane and the College President, Dr. McCurdy, from the original defendants[] list. Thus, the amended case now should read as *Tsubaki v. Baltimore City Community College*." ECF No. 16 at 1. The only question now before the Court is whether Mr. Tsubaki's claims against BCCC, the sole remaining defendant, are barred by state sovereign immunity.

Under the Eleventh Amendment of the U.S. Constitution, states enjoy sovereign immunity with respect to claims against them in federal court by private individuals. *See Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). A finding of Eleventh Amendment immunity deprives a federal court of subject matter jurisdiction. *Suarez Corp. Indus. v. McGraw*,

125 F.3d 222, 227 (4th Cir. 1997). "[T]he Eleventh Amendment protects state agents and state instrumentalities as well as the States themselves." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005) (quotation omitted). BCCC "is a state agency," so it is "entitled to sovereign immunity under the Eleventh Amendment." *Davis v. Baltimore City Cmty. Coll.*, Case No. 19-cv-2194-ADC, 2019 WL 5636362, at *4 (D. Md. Oct. 31, 2019); *see also* Md. Code Ann., Educ. § 16-503; *Samuels v. Tschechtelin*, 135 Md. App. 483, 521 (2000) ("[BCCC], along with its governing Board, is a State agency afforded the protections of sovereign immunity.").

"The Fourth Circuit has identified three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state." *Doe v. Cmty. Coll. of Baltimore Cnty.*, 595 F. Supp. 3d 392, 409 (D. Md. 2022). "First, 'Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority.'" *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012) (quoting *Garrett*, 531 U.S. at 363). "Second, 'the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law.'" *Id.* (quoting *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002)). Third, "[a] State may waive its Eleventh Amendment immunity and consent to suit in federal court." *Constantine*, 411 F.3d at 491 (4th Cir. 2005). None of these three exceptions apply.

First, Congress has not abrogated state sovereign immunity for ADA claims such as Mr. Tsubaki's. Though Mr. Tsubaki's complaint cites both the ADAAA and ADA, the ADAAA merely served to "broaden[] the definition of 'disability'" in the ADA and Rehabilitation Act, not to add additional substantive rights of action. *Summers v.*

4

*Altarum Inst., Corp.*, 740 F.3d 325, 329 (4th Cir. 2014); *see also* ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553. Turning to the ADA, "Congress divided the ADA's prohibitions on discrimination against individuals with disabilities into three parts, each with its own heading: Title I for employment, Title II for public services, and Title III for public accommodations." *Reyazuddin v. Montgomery Cnty., Maryland*, 789 F.3d 407, 420 (4th Cir. 2015). Though Mr. Tsubaki's complaint does not specify under which Title he means to proceed, he "refers to employment issues," and thus his "claim appears to have been brought under Title I." *Cannon v. E. Corr. Inst.*, Case No. 20-cv-3196-DKC, 2022 WL 1187858, at *3 (D. Md. Apr. 21, 2022). In his brief, Mr. Tsubaki argues that his claims should be understood under Titles II and III of the ADA, instead of Title I. ECF No. 16 at 2–3. But Mr. Tsubaki cannot bring a public employment claim under Title II, which does not allow for employment discrimination claims, or Title III, which can only be used to sue private entities. *See Reyazuddin*, 789 F.3d at 421 ("[W]e agree with the majority of circuits to have considered the question that Title II unambiguously does not provide a vehicle for public employment discrimination claims."); *Oliver v. Virginia Bd. of Bar Examiners*, 312 F. Supp. 3d 515, 527 (E.D. Va. 2018) ("Title III of the ADA only applies to private entities.") (citing 42 U.S.C. § 12181); *see also Milford v. Middleton*, Case No. 16-cv-2441-RMG-MGB, 2017 WL 9250335, at *5 n.1 (D.S.C. Nov. 30, 2017), *report and recommendation adopted*, Case No. 16-cv-2441-RMG, 2018 WL 348059 (D.S.C. Jan. 10, 2018) ("The Fourth Circuit has held that only Title I of the ADA applies to employment cases."). Thus, the key question is whether Congress has validly abrogated state sovereign immunity for claims under Title I of the ADA for employment discrimination claims.

Supreme Court and Fourth Circuit precedent is clear that there is no such abrogation. The Supreme Court addressed the question directly in *Garrett*, finding that Congress's abrogation of the states' sovereign immunity against Title I ADA claims was unconstitutional: "We decide here whether employees of the State of Alabama may recover money damages by reason of the State's failure to comply with the provisions of Title I of the [ADA]. We hold that such suits are barred by the Eleventh Amendment." *Garrett*, 531 U.S. at 360. In other words, "[s]overeign immunity has not been abrogated for . . . ADA Title I claims." *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014). The "abrogation" exception to sovereign immunity does not apply to Mr. Tsubaki's claims here.

The second exception does not apply either. Tsubaki has clarified that his suit is only against BCCC, and he has withdrawn any individual claims. His complaint is also clear that he is seeking damages. ECF No. 1 at 5 ("The relief sought include[s] the total damages of $966,000 (estimated)."). The exception for injunctive relief against individual state officers is not at play in this case.

Finally, Maryland has not waived sovereign immunity for ADA claims. "[T]he question of waiver of sovereign immunity by a state constitutional provision or statute is a matter of state law." *Lee-Thomas*, 666 F.3d at 249. Plaintiff has not pointed to any such waiver via state statute, constitutional provision, or any other action. Both the Fourth Circuit and other judges of this Court have expressly concluded that Maryland has not waived immunity for Title I ADA claims. *See McCray*, 741 F.3d at 483 ("we affirm the district court's rulings on [Plaintiff's] ADA claims, . . . based on sovereign immunity); *Cannon*, 2022 WL 1187858, at *4 ("Maryland has not waived sovereign immunity for claims brought under Title I of the ADA."); *Charles Mattison, Jr. v.*

6

*Maryland Transit Admin.*, Case No. 15-cv-1627-RDB, 2016 WL 2898020, at *5 (D. Md. May 18, 2016) (same). The third exception to Eleventh Amendment immunity does not apply here either.

Mr. Tsubaki argues that the right-to-sue letter he received from the EEOC either abrogates Maryland's sovereign immunity or waives it: "The state's immune sovereignty clause is not absolute; once the plaintiff completes the EEOC's requirements, the state relinquishes its immunity status to process the federal discrimination case." ECF No. 16 at 6. That is not correct. EEOC right-to-sue letters simply inform plaintiffs that they have satisfied the requirement to administratively exhaust an employment discrimination claim before suing in federal court. *See Talbot v. U.S. Foodservice, Inc.*, 191 F. Supp. 2d 637, 639 (D. Md. 2002) ("It is well settled that a plaintiff may not assert an ADA discrimination claim in court until he has exhausted the administrative remedies as to that claim."); *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 545 (2019) ("In the event that the EEOC determines there is 'n[o] reasonable cause to believe that the charge is true,' the Commission is to dismiss the charge and notify the complainant of his or her right to sue in court.") (quoting 42 U.S.C. § 2000e–5(b)). Mr. Tsubaki's right-to-sue letter from the EEOC, which he attached to his complaint, merely informed him that he had the right to sue in federal court within 90 days. ECF No. 1-2 at 1. It did not, and could not, abrogate Maryland's sovereign immunity or waive it. Only the U.S. Congress or Maryland, respectively, could do that. *See Kaplan v. James*, 25 F. Supp. 3d 835, 841 (E.D. Va. 2014) ("[T]o the extent that Plaintiff relies on the statements in the EEOC letter . . ., boilerplate statements in an agency decision cannot waive sovereign immunity and confer jurisdiction to this Court.").

The Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not allow this Court to ignore a clear jurisdictional defect. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even reading the complaint with deference to Mr. Tsubaki, and accepting all of the allegations in the complaint as true, the Court lacks jurisdiction over his ADA claims due to sovereign immunity.

## IV.   CONCLUSION AND ORDER

For the reasons stated above, the Court hereby ORDERS as follows:

1. Defendants' motion to dismiss (ECF No. 14) is GRANTED;
2. The case is DISMISSED;
3. The Clerk of Court is directed to mark this case as CLOSED.

Date:  January 30, 2026

/s/
Adam B. Abelson
United States District Judge